IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| JOHN GUILES and JENNIFER GUILES, <br>     *Plaintiffs*, <br><br>     v. <br><br> GEOVERA ADVANTAGE INSURANCE SERVICES, INC., <br>     *Defendant*. | § <br> § <br> § <br> §    CIVIL ACTION NO. 1:23-CV-289-MAC-CLS <br> § <br> § <br> § <br> § |

**REPORT AND RECOMMENDATION ON**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. #15)**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. 28 U.S.C. § 636(b)(1); E.D. Tex. Loc. R. CV-72. Pending before the court is Defendant's Motion for Summary Judgment (Doc. #15.) After thorough review, the undersigned recommends granting the motion in full.

**I.    Plaintiff's Claims and Procedural Background**

In February 2021, Plaintiffs' home was allegedly damaged when pipes in their attic burst during a freeze event known as Winter Storm Uri. (Doc. #16-1.) Plaintiffs sought to enforce coverage under their Texas Homeowner's Policy number GC00017873 issued by Defendant. (*Id.*) On Defendant's behalf, Team One Adjusting Services, LLC, investigated Plaintiffs' insurance claim and prepared an estimate to repair damage to the master bedroom, master closets, and master bathroom. By letter on March 7, 2021, Defendant informed Plaintiffs it would issue payment in the amount of $5,058.50. (Doc. #16-2.) On March 15, 2021, Plaintiffs called Defendant to report

that there was damage to areas of the house unaddressed by Team One's inspection report. (Doc. #16-1 at 4.) Team One then prepared a supplemental report that encompassed plumbing issues, the kitchen, dining room, laundry room, mechanical room, living room, and hallway. Defendant then informed Plaintiffs it would pay an additional $8,758.79.[1] (Doc. #16-4.)

Sometime thereafter, Plaintiffs then hired a general contractor to assess their home. (Doc. #16-1 at 6.) This contractor estimated repairs to Plaintiffs' home would cost $78,105.48. (*Id.*) Plaintiff informed Defendant of this estimate on July 27, 2021. (*Id.*) On August 7, 2021, Defendant informed Plaintiffs that it would not inspect the home for a third time but would investigate the contractor's estimates. (*Id.* at 7.) Defendants paid Plaintiffs an additional $6,000 on August 19, 2021, which they believed would close Plaintiffs' claim. (*Id.* at 8.) Then, on October 15, 2021, Plaintiffs invoked appraisal under their insurance contract and designated their appraiser. Defendant designated their appraiser on October 15, 2021. On March 18, 2022, the appraisers reached an impasse and chose Paul Poncio as umpire. On August 26, 2022, the appraisal panel, consisting of both appraisers and the umpire, found that the total cost to repair Plaintiffs' home totaled $45,614.43, that Defendant had previously paid $20,947.96, and that Defendant owed Plaintiffs $24,666.47 under the policy. Defendant paid the appraisal award on September 8, 2022.

On September 28, 2022, Plaintiffs sent a demand letter to Defendant requesting $3,601.98 in fees for violation of the Texas Prompt Payment of Claims Act (TPPCA) and $7,425.00 for attorney's fees. (Doc. #15-5.) Plaintiff then filed suit in Texas state court on November 28, 2022, alleging the following claims against Defendant: (1) breach of contract, (2) violations of Unfair

---

[1] On March 24, 2021, Defendant GeoVera sent Plaintiff a letter claiming that after the $8,758.79 payment, "the total amount paid to date for this claim" was $14,947.96. (Doc. #16-4 at 1.) It appears a $1,130.67 "prior payment" for "mitigation occurred sometime before the March 24, 2021, letter, explaining the $14,947.96 figure. (*Id.* at 4-5.)

2

Settlement Practices Act, (3) violations of the TPPCA, and (4) breach of the duty of good faith and fair dealing. On July 26, 2023, Defendant removed this suit to federal court on diversity grounds. (Doc. #1.) The undersigned held a case management conference on September 20, 2023, where Plaintiffs informed the court they would file an amended federal-style complaint. On October 18, 2023, Defendant paid Plaintiffs $8,320.37 for interest calculated in compliance with the formula set forth in the TPPCA. (Doc. #15-6.)

Plaintiffs filed their amended, operative complaint on December 11, 2023, alleging six violations of the Unfair Settlement Practices Act codified in Chapter 541 of the Texas Insurance Code and the breach of the common law duty of good faith and fair dealing.[2] (Doc. #13.) No claim under the Texas Prompt Payment of Claims Act was included in the amended complaint. Defendant filed this instant motion for summary judgment on January 1, 2024, arguing its payment of the appraisal award and statutory interest and Plaintiff's failure to allege an independent injury bar any further recovery. (Doc. #15.) A response and reply have been filed. (Docs. #16, #17.) This matter is ripe for review.

## II. Legal Standard

Summary judgment should only be granted if the moving party can show that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). This rule places the initial burden on the moving party to identify those portions of the record which it believes demonstrate the absence of a genuine dispute of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986); *Stults v. Conoco, Inc.* 76 F.3d 651, 655-56 (5th Cir. 1996) (citations omitted). A dispute is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty*

---

[2] The undersigned notes that Plaintiffs' Counts Two and Three refer to the same subsection of the Texas Insurance Code and are completely identical.

*Lobby, Inc.*, 477 U.S. 242, 255-56 (1986). A fact is material when it is relevant or necessary to the ultimate conclusion of the case. *Id.* at 248. The movant's burden is only to point out the absence of evidence supporting the nonmovant's case. *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir.); *cert. denied*, 506 U.S. 832 (1992).

Once the moving party has carried its burden of demonstrating that the absence of a genuine dispute of material fact, the nonmoving party bears the burden of coming forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In considering a motion for summary judgment, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Liberty Lobby, Inc.*, 477 U.S. at 255. However, the non-movant may not rest on mere allegations or denials of its pleadings but must respond by setting forth specific facts indicating a genuine issue for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Tex., P.A.*, 139 F.3d 532, 536 (5th Cir. 1998). The court must consider all the evidence but refrain from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citation omitted).

Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific evidence in the record and articulate the precise manner in which that evidence supports his claim. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the

nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak*, 953 F.2d at 915–16 & n.7; FED. R. CIV. P. 56(c)(3) ("[T]he court need consider only the cited materials."). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

### III. Discussion

#### A. Evidentiary Objections

As a threshold matter, Defendant objects to (1) Exhibits A through I as "doctored with yellow highlighting," and (2) Plaintiff's Exhibit E as conclusory. (Doc. #17 at 3-4.) The undersigned overrules the first objection, as the local rules of this court advise that "Counsel are strongly encouraged to highlight or underline the cited portion of any attached evidentiary materials" to a motion for summary judgment or a response. E.D. TEX. LOC. R. CV-56(d). As for the second objection, the undersigned finds that Plaintiff's Exhibit E (doc. #16-5) is impermissibly conclusory as it merely states a topline quote of $78,105.48 for home repairs without any context of what went into the quote. The undersigned notes, however, that the contractor's $78,105.48 quote is referenced in other exhibits and is admissible to the extent it is referenced in those exhibits. *See, e.g.*, (Doc. #16-1 at 6.)

#### B. Claims Under Chapter 541 of the Texas Insurance Code

Plaintiffs allege Defendant violated the Unfair Settlement Practices Act, codified in Chapter 541 of the Texas Insurance Code, by (1) conducting an outcome driven investigation, (2) misrepresenting their claim, (3) breaching its duty of good faith, (4) failing to confirm or deny claims in a reasonable time, and (5) failing to provide prompt explanations. (Doc. #13 at 10-15.) Defendant argues that Plaintiffs' claims under Chapter 541 should be dismissed because Defendant

has fulfilled its contractual obligations and Plaintiffs do not assert an independent injury. (Doc. #15 at 6-9). The undersigned notes that much of Defendant's motion for summary judgment is dedicated to the impact of an insurer's payment of an appraisal award and statutory interest on an insured's claims under the TPPCA (Chapter 542 of the Texas Insurance Code), claims which Plaintiffs did not raise in their operative complaint. (Doc. #15 at 9-12.)

To establish damages under Chapter 541 of the Texas Insurance Code, a party must establish either (1) a right to receive benefits under the policy, or (2) an injury independent of a right to benefits. *In re State Farm Mut. Auto. Ins. Co.*, 629 S.W.3d 866, 872-73 (Tex. 2021) (citing *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 500 (Tex. 2018)). "[T]here is no alternative to these two pathways." *In re State Farm*, 629 S.W.3d at 873. An injury is not independent if "claims are predicated on the loss being covered under the insurance policy, or if the damages flow or stem from the denial of the claim for policy benefits." *Menchaca*, 545 S.W.3d at 500 (internal quotations omitted).

The parties do not dispute that Defendant paid Plaintiffs the amount required in the appraisal agreement and statutory interest. (Docs. #15-5, #16-7.) Defendants have, therefore, fulfilled their contractual obligations under the policy. *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 132-33 (Tex. 2019) (affirming summary judgment on common law bad faith claims when an insurer paid an award under an appraisal agreement). Additionally, in the instant motion, Defendant alleges that Plaintiffs fail to raise an independent injury from what they believed was owed under the policy. (Doc. #15 at 8-9.) Plaintiffs respond citing *Menchaca* to note that Chapter 541 provides independent causes of action and that that damages under Chapter 541 are "common-law damages" independent from any contractual claims. (Doc. #16 at 9-10.) Plaintiffs'

observation is correct but it fails to address all that is required to bring a claim under Chapter 541 of the Texas Insurance Code.

The Texas Supreme Court in *Menchaca* explains that Chapter 541 provides causes of actions for extracontractual claims, but that damages may only be recovered for such claims if "the violation [of Chapter 541] causes an injury that is independent from the loss of the benefits." *Menchaca*, 545 S.W.3d at 500. In their response to the instant motion, Plaintiffs do not articulate any facts to counter Defendant's assertion that Plaintiffs have not alleged an independent injury. This alone could be fatal to Plaintiffs' claims under the Texas Insurance Code, as the local rules of this court provide that a "party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." E.D. TEX. LOC. R. CV-7(d).

While "[j]udges are not like pigs, hunting for truffles buried in the record," the undersigned notes Plaintiffs never plead any injuries independent of Defendant's alleged breach of contract. *United States v. del Carpio Frescas*, 932 F.3d 324, 331 (5th Cir. 2019) (quotation and citation omitted). In Plaintiffs' amended complaint, they request damages including "*the amount of the improperly or denied payments for Plaintiff's covered claims* which resulted from each of Defendant's violations, mental anguish, court costs, consequential damages not covered by Plaintiffs' Policy, and attorney's fees." (Doc. #13 at 16-17) (emphasis added). This is not enough for independent injury claims under Chapter 541 to survive a motion for summary judgment. *See Ortiz*, 589 S.W.3d at 135 (observing attorney's fees and court costs are not independent injuries); *Blue Star Sports Holdings, Inc. v. Fed. Ins. Co.*, 658 F. Supp. 3d 351, 358 (E.D. Tex. 2023) (noting emotional distress is not an independent injury for Chapter 541 purposes); *Arnold v. State Farm Lloyds*, No. CV H-22-3044, 2023 WL 2457523, at *3 (S.D. Tex. Mar. 10, 2023) (granting insurer's

motion for summary judgment on insured's Chapter 541 claims, including those for mental anguish). *But see Burgess v. Allstate Fire & Cas. Ins. Co.*, 641 S.W.3d 474, 486 (Tex. App.—Austin 2021) (holding Plaintiff's claim for mental anguish under Chapter 541 survives summary judgment where Plaintiff specifically alleged her mental anguish was an independent injury). The undersigned is persuaded by the relevant caselaw holding that mental anguish is not an independent injury under Chapter 541. The court should, therefore, grant Defendant's Motion for Summary Judgment as to Plaintiffs' claims under Chapter 541 of the Texas Insurance Code.

### C. Common Law Claim

Plaintiffs also allege a common law claim for a breach of the duty of good faith and fair dealing. (Doc. #13 at 16.) Defendant again argues that such a claim fails because Plaintiffs are not owed anything under the insurance contract and have failed to raise an independent injury. (Doc. #15 at 8 n.23.) Plaintiffs respond by correctly noting a common law tort, such as the alleged breach of duty here, is an independent cause of action. (Doc. #16 at 11-12.) The independent injury rule articulated above, however, equally applies to a common law bad faith claim in the insurance context. *Menchaca*, 545 S.W.3d at 500 (collecting cases). Accordingly, the court should grant Defendant's motion as to Plaintiffs' common law claim.

## IV. Conclusion

The undersigned finds that (1) there is no genuine dispute to the material fact that Plaintiffs have no live claims to recover under their insurance contract with Defendant, (2) Plaintiffs failed to plead or otherwise factually assert an independent injury, and (3) Plaintiffs, therefore, did not assert any viable common law claims or statutory claims under Chapter 541. As Plaintiffs raise no other claims, the court should enter final judgment.

**V.     Recommendation**

The court should **GRANT** Defendant's Motion for Summary Judgment (doc. #15) in full.

**VI.    Objections**

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Without leave of court, objections are limited to **eight (8) pages**. E.D. TEX. LOC. R. CV-72(c).

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*; 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 24th day of April, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE