| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | | |
|---|---|---|
| JOHN GUILES and JENNIFER GUILES, | § § § | |
| *Plaintiffs*, | § § | |
| versus | § § | CIVIL ACTION NO. 1:23-CV-289 |
| GEOVERA ADVANTAGE INSURANCE SERVICES, INC., | § § § § | |
| *Defendant*. | § § | |

## MEMORANDUM ORDER OVERRULING PLAINTIFFS' OBJECTIONS AND ADOPTING THE REPORT AND RECOMMENDAITON OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to Magistrate Judge Christine L. Stetson to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOC. R. CV-72.

This case is a dispute between an insured and an insurer following a freeze event in February 2021. On April 25, 2024, Judge Stetson issued a Report and Recommendation (#19) with the following conclusions and recommendations: (1) Plaintiffs did not assert any viable claims under the common law or Texas Insurance Code Chapter 541, (2) Defendant's Motion for Summary (#15) should be **GRANTED** in full, and (3) all claims should be **DISMISSED**.

### I. Plaintiffs' Objections are Overruled

On May 8, 2024, Plaintiffs timely filed objections (#20) to the Report and Recommendation. A party who timely files specific, written objections to a magistrate judge's

report and recommendation is entitled to a *de novo* determination of findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

    A. <u>Plaintiffs' Objections</u>

For context, Judge Stetson correctly noted that establishing damages under Chapter 541 of the Texas Insurance Code and for a breach of the duty of good faith and fair dealing requires an insured to have (1) a right to receive benefits under the policy at issue, or (2) an injury independent of a right to benefits (#19 at 6). *See In re State Farm Mut. Auto. Ins. Co.*, 629 S.W.3d 866, 872-73 (Tex. 2021) (citing *USAA Tex, Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 500 (Tex. 2018) (holding "there is no alternative to these two pathways" to recover damages). Judge Stetson found that Defendant's payment of the appraisal award and statutory interest satisfied Plaintiffs' rights under the policy and that Plaintiffs asserted no independent injury. Accordingly, she recommended Defendant's Motion for Summary Judgement (#15) be granted.

Plaintiffs object to Judge Stetson's Report and Recommendation in two ways. First, they contend that a party is not required to prove an injury independent of policy benefits to recover damages for the alleged common law and statutory torts (#20 at 1-3). Second, Plaintiffs argue that Defendant's payment of an appraisal award does not bar Plaintiffs from recovering damages

in tort under the "entitled-to-benefits" rule (#20 at 3-4).  The court will address each objection in turn.

### 1. Plaintiffs' First Objection

Plaintiffs claim the independent injury rule "does not bar the insured from recovering policy benefits as actual damages or trebling those actual damages under Chapter 541 if the insured establishes that the claim is covered under the policy" (#20 at 3).  Nowhere does Judge Stetson suggest a court could not award policy benefits as damages and treble those damages in absence of an independent injury.  Instead, she properly found that where no policy benefits were at issue, an insured would need to show an independent injury to recover under Chapter 541 or for a common law claim.

Plaintiffs cite, for the first time, *Lyda Swinerton Builders, Incorporated v. Oklahoma Surety Company* in their first objection, but this case bolsters Judge Stetson's Report and Recommendation.  *Lyda* explicitly notes that "an insurer's statutory violation does not permit the insured to recover *any damages beyond policy benefits* unless the violation causes an injury that is independent from the loss of the benefits." *Lyda Swinerton Builders, Inc. v. Oklahoma Sur. Co.*, 903 F.3d 435, 452 (5th Cir. 2018) (quoting *Menchaca*, 545 S.W.3d at 452) (emphasis added).  Certain statutory and common law damages, such as treble damages, are not considered to be "beyond" policy benefits. *Id.* at 453.  In other words, where a party seeks benefits owed under a policy, they may seek relevant "benefits" such as treble damages.  An insured may not, however, seek treble damages when no policy benefits are owed.

Plaintiffs' first objection is, therefore, overruled.  In the absence of an independent injury, Plaintiffs are required to show they are currently owed benefits under their insurance policy with Defendant.  Whether they did so is implicated in the second objection.

3

### *2. Plaintiffs' Second Objection*

Plaintiffs concede that the payment of the appraisal award and interest fulfills Defendant's contractual obligations (#20 at 4). They argue, instead, that the payment does not foreclose further proceedings based in common law and tort claims under the "entitled-to-benefits" rule (*Id.*). Under Plaintiffs' theory, one's entitlement to benefits under an insurance policy opens the door to statutory and common law damages, even if all benefits were fully paid. This view of the law cuts against precedent.

The "entitled-to-benefits" rule has two parts: (1) "an insured cannot recover policy benefits as damages for an insurer's extra-contractual violation if the policy does not provide the insured a right to those benefits," and (2) "an insured who establishes a right to benefits under the policy can recover those benefits as actual damages resulting from a statutory violation." *Menchaca*, 545 S.W.3d at 497. Put simply, the "entitled-to-benefits" rule represents the idea that an insured who is owed policy benefits can seek what they are owed under the policy and other actual damages, such as treble damages, under that policy resulting from a statutory violation.

Courts in the Fifth Circuit, however, have found that the "entitled-to-benefits rule" cannot apply when an insurer timely paid an appraisal award that fulfilled all that was owed under the policy. *Bonner v. Allstate Vehicle & Prop. Ins. Co.*, No. 3:23-CV-158, 2024 WL 718202, at *3 (S.D. Tex. Jan. 3, 2024) ("Bonner cannot satisfy the entitlement-to-benefits rule because Allstate's alleged conduct did not cause Bonner to lose any benefit under the policy. Bonner received all benefits he was entitled to receive under the policy when Allstate paid the appraisal award."); *Royal Hosp. Corp. v. Underwriters at Lloyd's London*, No. 3:18-CV-102, 2022 WL 17828980, at *7 (S.D. Tex. Nov. 14, 2022) (finding that "[t]he appraisal award

4

constitutes the entirety of benefits Royal is entitled to under the Policy," and that the plaintiff, accordingly, "did not sustain actual damages under the Policy"). Here, Plaintiffs never claim they are entitled to other benefits under their policy with Defendant or that they did not receive their policy benefits.

This area of Texas law appears to be developing rapidly, but the court sees no reason to depart from the cases cited above. As the Texas Supreme Court noted in *Ortiz*, the payment of an appraisal award "contractually resolves" the issue of the "amount of the covered loss" of an insurance policy. *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 132 (Tex. 2019). If an insurer could be in a breach of contract despite timely paying an appraisal award, "insureds would be incentivized to sue for breach every time an appraisal yields a higher amount than the insurer's estimate (regardless of whether the insurer pays the award)." *Id.* at 133. Plaintiffs' second objection is overruled.

## II.  Conclusion and Order

The court has conducted a *de novo* review of Plaintiffs' objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, Plaintiffs' objections (#20) are **OVERRULED**. The Report and Recommendation of the United States Magistrate Judge (#19) is **ADOPTED**. Defendant's Motion for Summary Judgment (#15) is **GRANTED** in full, and all of Plaintiffs' claims are **DISMISSED** with prejudice. The court will enter a separate final judgment.

SIGNED at Beaumont, Texas, this 16th day of May, 2024.

*[Signature: Marcia A. Crone]*

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE